JOHN D. SPINNER, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Fences — duty of Railroad company to maintain — gates in — when company responsible for injuries resulting from their being open.*

Cattle of the plaintiff strayed upon the highway, and passed from thence through a gate in a fence, erected by the defendant in pursuance of the laws of this State, upon its tracks, where they were killed. At the place where the gate was situated, the land on both sides of the road was owned by one F., for whose convenience it was built.

Evidence was given upon the trial, to show that the gate was used by persons in passing to and from the freight depot of defendant. *Held,* that if the defendant was accustomed to use the gate for its accommodation, or for the accommodation of persons doing business at its depot, and on the night in question it was left unclosed through the carelessness of any of its agents, such negligence would be the negligence of the defendant, for which it would be responsible; and that whether or not this was so, should have been submitted to the jury.

APPEAL from a judgment in favor of the plaintiff. A herd of cattle belonging to the plaintiff, escaped from his inclosure, and strayed first into the highway, and thence, through a gate in a fence, erected by the defendant for the use of the owner of the land, pursuant to chapter 140, Laws of 1850, and chapter 282, Laws of 1854, upon the tracks of the defendant, where they were killed. Evidence was given upon the trial, to show that the gate was used by the agents and servants of the company, and also by persons doing business with it, in passing to and from its freight depot. There was also some evidence to show that the gate was

out of repair at the time of the accident.  The court submitted
only the question of damages to the jury, and reserved the other
questions for further consideration.  A case was settled and
brought to argument before the same judge at Special Term, who
subsequently made his decision thereon, ordering judgment for the
plaintiff upon the verdict.  From the judgment entered upon such
decision, this appeal was brought.

*S. W. Jackson,* for the appellant.

*Amos H. Prescott,* for the respondent.

E. DARWIN SMITH, J.:

The statutes of 1850 and 1854, requiring railroad companies to
erect and maintain fences on the side of their road, with openings
or gates or bars therein for the use of the proprietors of the land
adjoining their railroad, we think was sufficiently complied with in
this instance.  The defendants had erected, constructed and main-
tained the proper fence and gate at the place where the accident
occurred.  The accident was not caused by the omission to erect
or maintain the fence or gate, but from the omission to keep shut
or closed the gate erected for the use of the proprietor of the adjoin-
ing land.  The gate was not out of repair so far as to furnish
any just ground or pretense to hold that the company had failed or
omitted to erect and maintain a proper fence and gate.

Whether the defendants were responsible for the killing and
injuring the plaintiff's cattle, depended, we think, entirely upon
the question, whether the said gate was at the time used by them
in their business, or by their agents or persons doing business with
said company, for access to their depot or road from the highway,
and was left open at the time when the injury occurred by or through
the carelessness or negligence of the said defendants or their agents
or employes.  If the defendants were accustomed to use the gate
in question for their accommodation, or for the accommodation or
convenience of persons doing business with them at their depot,
at that point on their railroad, and, on the night in question, it was
left unclosed through the carelessness of any of their agents, such
negligence would be negligence of the defendants, and for which

they would be duly responsible in this action. This question, we think, should have been submitted to the jury.

There should therefore be a new trial, with costs to abide the event.

Present — SMITH, P. J., GILBERT and TALCOTT, JJ.

New trial ordered, costs to abide event.